FILED
2013 MAY -9 PM 4:15

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BIR LLC, | ) | CASE NO. CV 13-2935 UA (DUTYx) |
|       Plaintiff, | ) | |
| v. | ) | ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |
| KEVIN BROWN, et al., | ) | |
|       Defendants. | ) | |

    The Court remands this unlawful detainer action to state court summarily because it was improperly removed and this Court lacks subject matter jurisdiction.

    On April 25, 2013, Defendant Kevin Brown lodged a Notice of Removal ("Notice"), seeking to remove to this Court what appears to be a routine California state court unlawful detainer action. [See Notice, Exhibit A.] Together with the removal notice, Defendant presented an application to proceed without prepayment of the filing fee. The Court has denied the latter application in a separate order because the action

1

was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court now issues this order to remand the action to state court on the following grounds.

Plaintiff BIR LLC could not have brought this action in federal court in the first instance, in that no basis for original federal jurisdiction appears from the complaint, and the Notice of Removal does not competently allege facts supporting either diversity or federal-question jurisdiction. Removal, therefore, is improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Specifically, citizenship of the parties is unclear from the pleadings, and even if complete diversity of citizenship exists, the amount in controversy does not exceed the jurisdictional threshold of $75,000. [See Notice, Exhibit A (Complaint for Unlawful Detainer, alleging that amount demanded does not exceed $10,000).] Additionally, Defendant could not properly remove the action on the basis of diversity jurisdiction in any event, because he resides in California, the forum state. See 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Defendant asserts in his removal notice that Plaintiff violated various federal laws prior to filing the unlawful detainer action, but that is immaterial. "For better or for worse . . . a defendant may not remove a case to federal court" on the basis of federal-question jurisdiction "unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

//

1  Accordingly, this matter is **remanded** to the Superior Court of
2  California for the County of Los Angeles, for lack of subject matter
3  jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to
4  send a certified copy of this order to the state court and to serve
5  copies of this order on the parties.

7  **IT IS SO ORDERED.**

9  DATED: _____5/6_____, 2013

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE